Keller, Appellant, *v.* Hestonville, Mantua & Fairmount Pass. Ry. Co.

149　65
27 SC　¹170

*Negligence—Street railway—Construction of cars—Duty of passenger.*
It is the duty of a street railway in the construction of its cars to provide against every danger to passengers that is probable and to be reasonably apprehended; but not against such as are so remote as to be barely possible.

While it is the duty of a railway company to provide safe and reasonably convenient means of ingress to its cars, it is equally the duty of the passenger to use the means provided with reasonable circumspection and care.

The plaintiff, a minor 14 years old, got on the side step of a summer car of defendant. This step was 7¾ inches wide and 13 inches below the floor of the car; the space between the back of the step and the edge of the floor was not entirely closed; resting on the step was a board 4 inches high, above it an open space of 3¾ inches, and above this a board which reached to the floor. In endeavoring to get up from the step to the floor of the car, the plaintiff put his foot on top of the 4 inch board; and, on putting his weight on it, this foot slipped and passed through the opening, causing plaintiff to fall over backwards: *Held*, that defendant was not liable.

*Evidence—Presumption of negligence—Burden of proof.*
The mere fact that a passenger was injured does not raise the presumption of negligence so as to shift the burden of proof on the defendant, where the evidence clearly shows the cause of the accident.

Argued April 6, 1892. Appeal, No. 276, Jan. T., 1892, by plaintiff, Henry Keller, by his next friend, Adam Keller, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1886, No. 293, compulsory nonsuit. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Case for personal injuries caused by alleged negligence of the defendant.

On the trial, at the conclusion of the plaintiff's evidence, a nonsuit was entered, which the court afterwards refused to take off. The facts appear in the following opinion of the court by FELL, J., refusing to take off the nonsuit.

" The plaintiff sues to recover for injuries received while a passenger on a car of the company, defendant.

" The plaintiff, who at the time of his injury was fourteen years old, lived with his parents near 32d and Spring Garden streets, and was employed in a store at Eighth and Chestnut streets. It was his custom to ride to his place of employment every morning on the defendant's cars.

" On the morning in question he left his home with an elder brother, and when on the pavement in front of their home saw a car approaching. They walked to the middle of the street and signaled the driver, who applied the brakes and reduced the speed until the horses came to a walk, when they both safely got on the step of the car.

" The car was an open summer car, with a step on either side extending its whole length.

" The step was $7\frac{3}{4}$ inches wide and 13 inches below the floor of the car.

" Back of the step and resting on it was a board 4 inches wide, above this an open space $3\frac{3}{4}$ inches wide, and above this another board $5\frac{1}{4}$ inches in width, which extended to the floor of the car.

" The space between the back of the step and the edge of the floor was not entirely closed, but at the bottom and resting on the step was a board 4 inches high, above it an open space of $3\frac{3}{4}$ inches, and above this a board $5\frac{1}{4}$ inches wide which reached to the floor.

" The plaintiff testified : ' My brother signaled the driver and he slacked; when the car got to us it was going slow enough to get on. I got on the side step safely. Was on it firmly with both feet. I endeavored to get up from step to floor of the car. Lifted my left foot up and finding a resting place put my weight on it and it gave way. My foot gave way with the weight of my body and it slipped forward. I did not know there was an opening, I supposed I was stepping on the floor—with one hand I had hold of the bracket of the seat.'

" This is the only testimony which throws any light on the cause of the accident.

" It was shown by other witnesses that the plaintiff fell over backwards with his foot caught in the open space, and was dragged some distance, and sustained very serious injuries.

" It appears from this testimony that the plaintiff got on the car safely, and in the attempt to pass from the step to the floor of the car placed his foot on the top of a board which was 4 inches high and back of the step. While in that position his foot gave way because of the weight of his body and slipped forward.

" It follows that if the defendant is liable it is because of the negligent construction of the car.

" If the space between the step and the floor had been entirely closed this accident would not have happened.

" The case then is narrowed to this inquiry : In the exercise of reasonable care and prudence would the occurrence of such an accident as this have been foreseen and guarded against?

" The board 4 inches high at the back of the step served as a protection in case a person's foot slipped while getting on the car. There is an apparent danger of one's foot slipping on the step while in the act of getting on such a car—there is little, if any, after he is standing on the step, as any movement of his foot towards the car would be arrested by his leg coming in contact with the edge of the floor.

" In any event both of these dangers were provided against by the board referred to.

" Was there any reason to suppose that the upper edge of this board would be used as a second step and, if so used, that a passenger's foot would slip and pass through the opening? The board was there for a purpose readily understood by anyone who observed it, and not in a position that invited its use as a step or made such use at all convenient. Nor was there any apparent danger in its use as a step.

" The plaintiff's foot did not slip until it had given way, ' my foot gave way with the weight of my body and it slipped forward.'

" The car did not differ in construction from other summer cars in common use in the city, and there was no evidence of any defect in construction, or that any accident had before happened from a like cause.

" While it is the duty of the railway company to provide safe and reasonably convenient means of ingress to its cars, it is equally the duty of the passenger to use the means provided with reasonable circumspection and care.

" It was the duty of the defendant in the construction of its cars to provide against every danger to passengers that was probable and to be reasonably apprehended, but they were under no duty to guard against such as were so' remote as to be barely possible. The mere fact that the plaintiff while a passenger was injured does not raise the presumption of negligence so as to shift the burden of proof on the defendant, as the evidence clearly shows the cause of the accident : Penna. R. R. v. MacKinney, 124 Pa. 462 ; Farley v. Traction Co., 132 Pa. 58."

*Errors assigned* were, (1) entry of nonsuit; (2) discharging the rule to take off the nonsuit.

*Charles H. Sayre, George Sergeant* with him, for appellant.

*Samuel Gustine Thompson,* not heard, for appellee.

PER CURIAM, April 25, 1892.

This case has been so well discussed by the learned judge of the court below, in his opinion refusing to take off the nonsuit, that we affirm the judgment for the reasons there given by him.

Judgment affirmed.