## McNerney *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Alighting from car—Improper construction of car—Question for jury.*

Where a woman in alighting from a summer car, catches the heel of her shoe in an oiling box or hole in the tread of the running board, and is thrown and injured, it is for the jury to say whether it was an improper construction

of the car to have an unguarded oiling box so located as to be the occasion of such an accident.

Argued Oct. 20, 1904.   Appeal, No. 85, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1902, No. 1995, on verdict for plaintiff, in case of Louisa Mc-Nerney v. Philadelphia Rapid Transit Company.   Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before Finletter, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $700.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Dallas Sanders*, for appellant.— There was no evidence of any negligence whatever on the defendant's part.

We have the case of a passenger who makes a misstep by reason of the foot coming in contact with one of the usual features of a vehicle which is in good order and which is constructed in accordance with the approved practice.   It is submitted that such an accident gives no cause of action : Farley v. Phila. Traction Co., 132 Pa. 58 ; Howell v. Union Traction Co., 202 Pa. 338 ; Keller v. Hestonville, etc., Pass. Ry. Co., 149 Pa. 65.

*Francis S. Cantrell, Jr.*, with him *Francis S. Cantrell*, for appellee, cited : Rathgebe v. Penna. R. R. Co., 179 Pa. 31.

Opinion by Orlady, J., January 17, 1905 :

The plaintiff was a passenger on a summer car, which stopped at her request to permit her to alight.   To do so she stepped from the body of the car upon the running board or step at its side, when the heel of her shoe was caught in an oiling box or hole in the tread of the running board and caused her to be turned around and thrown forcibly into the street.   An oiling

box is a necessary device and a similar arrangement or substitute is on all cars.   It was located in part on the side of the car body and in part on the flat tread of the step ; it had an iron outer rim and the opening was large enough to admit all or a part of the heel of a shoe, else the plaintiff's would not have been caught in it.   There was no evidence that it was so noticeable as to attract the attention of a passenger, or that the heel of the plaintiff's shoe was smaller than those in customary use.   She testified that she did not know of the existence of the hole and that she did not see it before stepping on the running board.   There is nothing in the case tending to charge her with contributory negligence, she did not make a misstep, but used the very means constructed by the defendant to enable her to get from the car and was caught in an unguarded opening, so located as to be outside of the ordinary range of vision of a passenger when alighting from a car ; she did not err in estimating the location of the running board nor trip, stumble, slip, or put her foot in a wrong place.   The defendant does not allege that she was careless or reckless in her progress from the car to the street.   The cause of the accident was manifest, and the fact that the construction of the step was designed by the defendant, and that such construction was in ordinary use, would not make it any the less negligent if a jury should decide that it was in fact improper and unsafe. Was it such that a passenger using due care in alighting might probably be entangled in it?

In Farley v. Phila. Traction Co., 132 Pa. 58, " The plaintiff stumbled or tripped over an obstruction, which was not hidden from his view, he took no care over his movements and stumbled over a conspicuous part of the car."   In Howell v. Union Traction Co., 202 Pa. 338, there was no defect in the car alleged, the plaintiff's heel caught in the step, and he was thrown, without any evidence " that there was anything the matter with the step, nor did it appear that the step as a part of the means of transportation was injured."   In Keller v. Hestonville, etc., Pass. Ry. Co., 149 Pa. 65, the accident was caused by the plaintiff putting down his foot without looking and is described as follows : " The board was there for a purpose readily understood by anyone who observed it, and not in a position that invited its use as a step or made such a use at all convenient."   In the same case

the rule is declared, " It was the duty of the defendant in the construction of its cars to provide against every danger to passengers that was probable, and to be reasonably apprehended, but they are under no duty to guard against such as were so remote as to be barely possible."

Under the evidence in this case, the step was not so certainly safe as to be so declared as a matter of law, and it was rightly submitted to the jury to determine whether it was an improper construction of a public car to have an unguarded oiling box so located as to permit the plaintiff's shoe to be entangled in it while alighting with due care.

The judgment is affirmed.