## MADELINE A. C. STEBEL *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

*Res ipsa loquitur* expresses a rule of common sense and not a rule of law dispensing with proof of negligence. It is merely a mode of saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the injury happened, without offering any other or further evidence as to its cause.

This doctrine is, however, applicable only where the following conditions exist: first, the apparatus must have been such that ordinarily no injurious result was to be expected from its operation, except as that might arise from its careless construction, inspection, or user; second, both inspection and user must have been at the time of the injury in the control of the alleged negligent party; and third, the injurious result must have happened irrespective of any voluntary action at the time by the party injured.

The mere fact that a woman caught her skirt in the running-board of a trolley-car while in the act of alighting and in the exercise of due care, is not enough to charge the street-railway company with any breach of legal duty; for such company is not an insurer, and is not required by law to construct its cars so as to make it impossible for its passengers, while in the exercise of due care, to catch their clothing.

A street-railway company is bound to exercise the highest degree of care in the selection, maintenance, inspection and use of its cars and their appliances.

Argued October 26th—decided December 17th, 1915.

ACTION by a passenger upon a trolley-car to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* the court, upon motion of the defendant, directed a verdict in its favor, from the judgment upon which the plaintiff appealed. *No error.*

*Arthur B. O'Keefe,* for the appellant (plaintiff).

*Thomas M. Steele,* for the appellee (defendant).

BEACH, J.   The plaintiff was injured by her dress catching and throwing her to the ground as she was stepping off the running-board of an open trolley-car after it had stopped.

The only evidence of negligence on the defendant's part consisted of photographs of the car, and those showed that the running-board, used by passengers in getting on and off the car, was constructed with a riser or toe-board between the floor of the car and the back edge of the running-board, which riser was made in three sections with openings between the sections. The testimony was that the plaintiff's skirt caught in or about one of these openings, but in what manner or for what reason it caught did not appear. It was not claimed that the car was out of repair or that it was defective,

otherwise than as the presence of these openings was claimed to constitute a defect in its construction. There was no evidence as to the reason for the existence of these openings, and (except as might be inferred from this accident) no evidence that they were inherently dangerous; or, if not inherently dangerous, that they had become so for any reason. The plaintiff's whole case was that being a passenger on the defendant's car she was injured because her skirt, which was in good condition, caught for some unexplained reason in or about one of these openings while she was getting off the running-board and in the exercise of due care.

The plaintiff claims that the trial court erred in directing a verdict for the defendant, first, because the case is one to which the doctrine of *res ipsa loquitur* should have been applied; and second, because the plaintiff had offered sufficient evidence of negligence in the construction of the car to warrant the jury in finding a verdict for the plaintiff. These claims are logically inseparable, for the doctrine of *res ipsa loquitur* is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred; and the conditions which will justify such an inference are: (1) that the apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. 4 Wigmore on Evidence, § 2509.

The application of the rule to this case would require the court to say that the jury could reasonably have inferred that the defendant was negligent in using a car constructed with these openings in the riser of the running-board from the mere fact that the plaintiff's skirt caught in or about one of these openings, and without any evidence as to why it caught except that the skirt was in good condition and the plaintiff in the exercise of due care.

That is not so, for the statement of the case does not suggest any negligence on the defendant's part. There is nothing to show that this running-board was not an approved construction in general use, adequate and, judged by previous experience, safe for its intended use; and nothing to show that there was anything abnormal or unusual about its condition at the time of the accident.

The single fact that the plaintiff caught her skirt in the running-board while in the exercise of due care is not in itself enough to charge the defendant with any breach of legal duty, for the defendant is not an insurer, and is not required by law to construct its cars so as to make it impossible for its passengers, while in the exercise of due care, to catch their clothing. It is bound to exercise the highest degree of care in the selection, maintenance, inspection and use of its cars and their appliances, and there is nothing in this record to indicate that it had not done so.

There is no error.

In this opinion the other judges concurred.