[Civ. No. 3025. Third Appellate District. — September 26, 1927.]

FANNIE M. COX et al., Respondents, v. CENTRAL CALIFORNIA TRACTION COMPANY (a Corporation), Appellant.

Butler, Van Dyke & Desmond for Appellant.

Mark L. Burns for Respondents.

PLUMMER, J.—The plaintiffs had judgment in the above-entitled action, and the defendant appeals.

The record in this case discloses that on or about the twenty-first day of March, 1924, the plaintiff Fannie M. Cox was a passenger on a street-car then owned and operated by the defendant in the city of Sacramento. That at the intersection of Eighth and K Streets, in said city, the car in question came to a stop and the plaintiff prepared to alight, by using the exit and steps at the front end of

the car. That the front end of the car was guarded by an iron gate which doubled back upon itself when placed in position for passangers to alight. The gate in question was controlled by hand-lever operated by the motorman. While the gate was folded back and in a position for the plaintiff to alight, the plaintiff moved toward the steps of the car, and as she was doing so was jostled a trifle by another passenger, also proceeding to alight, and when jostled, placed her left hand on the gate above referred to, and in so doing a ring on one of her fingers caught upon the threads of a projecting bolt running through the cross-bar constituting a portion of the material of which the gate was constructed. This bolt protruded through the nut about one-quarter of an inch.

The testimony further shows that on both sides of the exit were stanchions or handholds for the use of passengers, but that the plaintiff was prevented from using the same to steady herself by the presence of other passengers attempting to alight. That while plaintiff's left hand rested against said gate, it was moved by her somewhat and came in contact with the thread end of a projecting bolt on said gate, as above stated. The plaintiff's hand was severely injured and no question is made as to the amount of recovery allowed by the jury.

The appellant, at the close of the trial, moved for a directed verdict. Also for a verdict notwithstanding the judgment. These motions were denied by the trial court, as well as the defendant's motion for a new trial. Appellant's statement that the ring upon the hand of the plaintiff caught upon a bolt-head used to fasten the hand-lever to the gate is slightly inaccurate, as the record shows the ring did not catch upon a bolt-head, but upon the threads projecting through a nut on the nut-end of the bolt. Upon this appeal it is insisted that there is absolutely nothing in the record which can in any way serve as a guide to the jury and authorize the holding that the defendant was guilty of any negligence. It is further contended that the verdict is the result of mere speculation, and that Mrs. Fannie M. Cox suffered an accident that was unavoidable and caused through no fault of the defendant.

In addition to what we have above stated as to how the accident occurred, and also as to what caused the accident,

the record shows that during the course of the trial three photographs were introduced by the defendant of gates used by it on its cars to guard the places of entrance and exit. It may be here stated that the defendant maintains and operates upon its line in the city of Sacramento five cars of similar design. That the car in question was numbered 103, and was and is of the same design and pattern as the other four cars then used by the appellant. These photographs, used as exhibits, all show that the bolts used in holding the cross-bar in place and used in the construction of the gate which we have described and mentioned are so placed that when the gate is closed the bolt-heads on the cross-bar are all toward the passengers when entering and also when alighting from the car. The testimony on the part of the defendant is that the photographs introduced by the defendant and used as exhibits, and made a part of the transcript, show the standard equipment of the cars belonging to the appellant. Assuming that this testimony is correct, the standard equipment of the cars belonging to the appellant shows that no accident or injury could have occurred to the plaintiff as that alleged and set forth in plaintiff's complaint in this action if the car from which the plaintiff was then alighting had been so equipped. There seems to be no question but that car number 103, on the twenty-first day of March, 1924, was equipped with a standard gate, as shown by the exhibits, but the manner of constructing the gate, or rather the manner of inserting the bolts in the standard gate, is shown by the testimony to have been exactly the opposite of that claimed by the witnesses for the defendant to be the standard manner of construction. The gate itself was not defective in the sense that it was either weak or inefficient in its operation, or not well calculated to prevent the exit of passengers while the car was in motion or until it had been folded back by the motorman to admit of either the ingress or egress of passengers. The alleged negligence in this case is based upon the fact that in inserting three of the bolts in the cross-bar referred to they had been inserted in such a way as to present the thread-ends thereof to the passenger side of the gate. By the exhibits introduced, the standard form or manner of construction shows six bolts used in the cross-bar, the head-ends of which are all toward the passenger side of the

folded gate. The thread-ends or rough ends of the bolt upon which anything would likely be caught are folded away from the passenger side of the gate. In other words, accepting the testimony of appellant's witnesses as to the exhibits being correct photographs of standard equipment, the testimony in the transcript shows that the manner of inserting the bolts in question on car number 103· departed from the standard form. Alleging that the facts which we have set forth do not show negligence, the appellant argues that it was necessary for the plaintiff to go further to prove negligence; that the facts in this case do not take it out of the general rule that negligence must be proven; it being further argued that the doctrine of *res ipsa loquitur* cannot be relied upon to sustain the respondents' cause. Before adverting to the rule of *res ipsa loquitur* we will examine further as to whether the plaintiff produced any evidence upon which the verdict of the jury can properly be based, and in so doing we will analyze somewhat the authorities cited by the appellant in support of its contention that there is no such testimony.

The first case called to our attention by the appellant in this behalf is that of *Stebel* v. *Connecticut Co.*, 90 Conn. 24 [96 Atl. 171]. It appears in this case that the plaintiff was injured by her dress catching and throwing her to the ground as she was stepping off the running-board of an open trolley-car after it had stopped. The evidence of negligence on the defendant's part consisted of photographs of the car which were admitted in evidence and showed that the running-board used by passengers in getting on and off the car was constructed with a riser or toe-board between the floor of the car and the back edge of the running board, which riser was made in three sections with openings between the sections. The testimony was that the plaintiff's skirt caught on or about one of these openings, but in what manner or for what reason it caught did not appear. Upon these facts the court held, quoting from the syllabus: "That proof of the happening of the accident did not make a question for the jury under the doctrine of *res ipsa loquitur*, without showing that the running-board was not the approved construction in general use, adequate, and judged by previous experience, safe for its intended use, or that there was anything abnormal or unusual about its

condition at the time of the accident, as defendant was not an insurer, but was only bound to exercise the highest degree of care in the selection, maintenance, inspection and use of its cars and their appliances; and the facts do not indicate that it had not done so.'' The crucial fact in that case was that there was nothing abnormal or unusual about the condition of the car at the time of the accident. In the case at bar there was something abnormal or unusual about the appliance of the car in question at the time of the accident. If the standard form used upon the gate, or, rather, the standard manner of construction of the gate, is to place the smooth or the head-end of the bolts on the cross-bar toward the passenger side of the folded gate so that nothing might catch thereon, then the insertion of three of the bolts on the cross-bar on car number 103, in a different manner, and in a manner so as to present the rough or thread-ends of the bolts toward the passenger side of the folded gate, the case of *Stebel* v. *Connecticut Co.*, *supra*, cited by appellant, would be an authority for the upholding of the verdict against the appellant.

In *Pendergrast* v. *Durham Traction Co.*, 163 N. C. 553 [79 S. E. 984], the supreme court of North Carolina had before it a case where a passenger had caught a very thin finger-ring in a screw at the bottom of the handhold of a street-car, the handhold being one intended for the use of passengers. The case is presented as being controlling here. An examination of the facts in that case, however, show a distinguishing principle. The facts as set forth in the opinion of the court in that case are substantially as follows: As the street-car, on which the plaintiff was a passenger, approached a certain point, plaintiff asked the conductor to slow up so that he could get off, and attempted to get off while the car was going some three or four miles per hour. In preparing to get off the plaintiff took hold of the grab-handle on the front platform of the car with his left hand, and as he attempted to alight his left hand glided down the rod and a ring on his little finger caught in the screw-head which was projecting at the bottom of the rod and the plaintiff was seriously injured. Just before the plaintiff got off the motorman said to him, ''Mister, if you want to get off, wait a minute and I will stop the car.'' The screw-head upon which the plaintiff's ring was

caught projected about one-sixteenth of an inch from the surface. Under these circumstances the court held that negligence on the part of the company could not be regarded as the proximate cause of the injury. That case differs from this in that the plaintiff disregarded the precautionary advice given to him by the defendant's employee not to attempt to alight until the motorman had had an opportunity to stop the car. While not so expressly decided, it is evident the court had in mind that the plaintiff was guilty of contributory negligence barring recovery.

In *Keller* v. *Hestonville M. & F. Passenger R. Co.*, 149 Pa. 65 [24 Atl. 159], it appears that the plaintiff was non-suited in an action where he was injured while riding on an open street-car, called a "summer" street-car, that had a step running along its full length on the side thirteen inches below the floor of the car. Back of the step and resting on it was a board four inches wide, above this an open space three and three-fourths inches wide, and above the latter another board five and one-fourth inches in width which extended to the car floor. It was held that the car was sufficiently safe and the company was not liable for injuries to a plaintiff who, in passing from the step to the floor, got his foot caught in the open space between the two boards by stepping on the lower one. An examination of the facts of the case, as set forth in the opinion, indicates that the plaintiff was injured by reason of his foot giving way on account of the weight of his body, the plaintiff's testimony being: "My foot gave way with the weight of my body and it slipped forward." The court, in its opinion, passing upon the claim of negligence, stated: "The car did not differ in construction from other summer cars in common use in the city, and there was no evidence of any defect in construction, or that any accident had before happened from a like cause. While it is the duty of the railway company to provide safe and reasonably convenient means of ingress to its cars, it is equally the duty of a passenger to use the means provided with reasonable circumspection and care." Here the case under consideration by the supreme court of Pennsylvania differs from the one at bar in that the car with which we have to deal does differ in construction from the standard manner of inserting the bolts in the cross-bars on the gates guarding the

open end of the cars. It may be further stated that the language in the case just quoted indicates that the court was passing upon a question of fact which would be a question for the jury to decide in this state. The court there says: "It is equally the duty of the passenger to use the means provided with reasonable circumspection and care." To determine this and whether the passenger has so acted is a question of fact upon the testimony, and not simply a question of law for the court, unless it is a case where reasonable minds would not differ, which we cannot hold in the case at bar.

In the case of *Delaware, L. & W. R. Co.* v. *Napheys,* 90 Pa. 135, by a divided court, it was held that where a passenger, on stepping from the lowest step of the platform of one of the cars to the ground, a distance of thirteen inches, slipped and fractured the knee-cap, no presumption of negligence was raised by the fact of such occurrence. The facts as detailed are as follows: On stepping down from the lowest step of the car platform plaintiff advanced her left foot first to the ground, leaning her right foot upon the step, and while in that position, without any apparent cause, her right knee-cap snapped and was fractured. This case is so dissimilar in its facts that the mere statement thereof shows its inapplicability to any questions here presented.

In *Perkins* v. *Bay State R. R. Co.,* 223 Mass. 235 [111 N. E. 717], it was held that the plaintiff could not recover upon the following facts: The plaintiff was a passenger upon a street-car, and in attempting to leave the car, caught the heel of her boot in the cleats or guides at the threshold of the door of the car, causing her to be thrown into the vestibule. The car was new and no claim was made that it was defective or out of repair. The contention was made that the construction was unsafe. In passing upon these facts the court says: "And in the absence of proof of information or of reasonable knowledge from experience that injuries to passengers very likely would happen from their use, there is no evidence from which the jury could say the defendant should have foreseen that with everything plainly visible, passengers using the thresholds ordinarily might be expected to stumble and fall from contact with the cleats, or would be caught between the cleats and the floor of the car. If

the construction was not mechanically improper or defective, and no practicable method having been suggested of guarding against the use of such thresholds in the usual manner except to discontinue the car, there is no positive evidence from which negligence could be found. The plaintiff's injury resulted from an accident under circumstances where the defendant had taken every reasonable precaution." Here the facts differ from the Perkins case in that there was presented to the jury evidence from which the jury might conclude that the construction, to wit, the manner in which the bolts were inserted through the cross-bar of the folding gate, was mechanically improper, if not defective, as that word is usually employed. The evidence in this case shows that there is a practical method of obviating the danger which was presented to the plaintiff in the instant case. The standard construction, as shown by the photographs, differs from the method used upon car number 103. We may here state that the transcript also shows that shortly after the accident the thread-ends of the bolts to which we have referred were smoothed down and painted over by the defendant. There is no testimony in the record as to how long the bolts had been allowed to remain as they were on March 21, 1924. Therefore, there can be no argument based upon continuous use without previous accident. A different adjustment of the bolts is presented from that found upon the other cars belonging to the appellant, and the error in the adjustment was corrected after the accident. We do not find anything in the case of *Cary* v. *Los Angeles R. R. Co.*, 157 Cal. 599 [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682], which militates against the plaintiff in this action. As cited by counsel, that case holds: A carrier of passengers is not obliged to proceed to provide against casualties which have not been known to occur before, and which cannot reasonably be anticipated. That which never happened before, and which in its character is such as not naturally to occur to prudent men to guard against its happening again, cannot, when in the course of years it does happen, furnish good ground for charge of negligence in not foreseeing its happening and guarding against that remote contingency. (Citing *Holt* v. *S. W. Mo. E. R. Co.*, 84 Mo. App. 443.) The cases cited by appellant show that practically just such an accident has happened before, where the plaintiff caught a finger-ring

upon a projecting screw on the handhold or grab-bar, as it is sometimes called, and as we have stated, was not allowed to recover because of his contributory negligence in attempting to alight before the car had stopped, after having been cautioned not to alight. In other words, it is a case of history repeating itself, and not of an accident unknown to have previously happened. While not dwealt upon in the opinion, this court had before it in the recent case of *Szasz, by His Guardian ad Litem, v. Joyland Co.,* 84 Cal. App. 259 [257 Pac. 871], an accident first of its kind, and it was there held that the plaintiff was entitled to recover.

The language of the text-writer in 4 California Jurisprudence, page 935, section 88, is pertinent: ''It is not true, under all circumstances, however, that because a particular accident has not been known to happen before, such accident is not of the character of those casualties which may reasonably be anticipated in the sense that it is a duty to exercise reasonable care in guarding against their occurrence.'' And further, in the same section: ''A carrier is bound to use the best precautions in known practical use to secure the safety of the passengers.'' The testimony in this case shows that on the car in question the company had not used the best known means to insure the safety of its passengers, but had departed from the standard form of construction followed or used in the gates of other cars.

The questions which we are considering are not, however, exactly open ones in this state. In the case of *Sanders* v. *Los Angeles Ry. Corp.,* 38 Cal. App. 222 [175 Pac. 90]— a case not called to the attention of the court by counsel for either the appellant or respondent, and one where a hearing was denied by the supreme court—we have an almost parallel state of facts, and one, when applied to the circumstances which we are considering, absolutely conclusive. In the Sanders case the plaintiff, a passenger upon a street-car belonging to the defendant, and at a time when the car had stopped to discharge passengers, was injured by her skirt catching upon a knob at the exit provided for the discharge and receipt of passengers. The facts are thus stated by the court: As plaintiff reached the space opposite the steps, she had a package in her right hand and took hold of the handguard with her left. As she stepped downward upon the steps, her skirt caught on a protruding knob affixed in the

floor toward the left of the exit and she was thrown to the street, where she struck upon her back. In her complaint the negligence charged against the defendant was that the knob was negligently placed in its position by the defendant, and so placed as to constitute a dangerous contrivance. This is similar to the allegations of the plaintiff's complaint in the case at bar, save and except that the pleading in the Sanders case is more direct. In that case, as in this, no question is made as to the damages awarded the plaintiff. The sole contention was that no negligence whatsoever was shown by reason of which the defendant could be chargeable with any amount of damages. The knob upon which plaintiff's skirt was caught was a small contrivance which served as a bumper to intercept the sliding iron gate which closed the exit. A glance at the drawing reproduced and shown on page 224 of the opinion demonstrates the applicability of that case to the case at bar. In the Sanders case, the knob, or catch, or contrivance, or bumper, or by whatever language it may be called, is shown at the lower part of the gate, where it would catch a skirt. The rough bolts in the cross-bar were on the upper portion of the folding gate and on the opposite side, where the left hand of a passenger would reasonably be placed. In that case, as in this, it was argued that the defendant was not liable because no previous accident had occurred. In the Sanders case, however, the argument had a much stronger ground upon which to find a basis than in the case at bar. Here it is not shown how long the alleged defective appliance had been used, but in the Sanders case it was shown that cars having a similar bumper attachment had carried 88,236,273 passengers without any claim having been made of a similar injury or of any accident arising out of the manner in which the bumper was placed or used by the defendant. The court, in speaking of the doctrine of *res ipsa loquitur* as applied to that case, said: ''It is true enough that negligence will not be implied from the mere fact of injury, and it is also true that the plaintiff, at the time she rested her case, had furnished the trial court with no information as to the construction of the bumper, its character or location upon the car. She did, however, show that she was injured through the catching of her skirt upon an appliance affixed to the car by the defendant, and we are inclined to the view that enough was

supplied under the rule adverted to as affecting the carriers of passengers to entitle her to the presumption of negligence until the defendant had excused itself by evidence.

"In *Steele* v. *Pacific Electric R. R. Co.*, 168 Cal. 375 [143 Pac. 718], the court states that before negligence will be implied, it must first be shown that injury came from the movement of the car by those in charge of it, or from something connected therewith or in control of the defendant. She did show that her skirt caught upon the bumper, and that the bumper was an appliance connected with the car." In speaking of the bumper, the court emphasizes the words "from something connected therewith or in control of the defendant." The court in its opinion further adverted to the fact that a simple contrivance would have obviated the danger. This is true here. Placing the bolts through the cross-bar in an opposite direction would have eliminated all danger or injury. The court in that case further holds that the contention of nonliability because of no previous similar accident was untenable and expresses itself in a quotation from the case of *Seller* v. *Market Street R. R. Co.*, 139 Cal. 268 [72 Pac. 1006], where contributory negligence was urged as a reason for taking the case from the jury: "As a general rule it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury. This is true, even where there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn therefrom. If the conceded facts are such that reasonable minds might differ upon a question as to whether or not one was negligent, the question is one of fact for the jury."

For the reasons which we have hereinbefore set forth, and especially upon the authority in the case of *Sanders* v. *Los Angeles Ry. Corp.*, *supra*, it must be held that the verdict of the jury is sustained.

Judgment affirmed.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 26, 1927.