AGNES MOTIEJAITIS *vs.* JOSEPH C. JOHNSON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 11th—decided December 8th, 1933.

*Theodore V. Meyer,* with whom, on the brief, was *Michael J. Galullo,* for the appellants (defendants).

*Michael V. Blansfield,* with whom, on the brief, was *Herman B. Engelman,* for the appellee (plaintiff).

AVERY, J. In her complaint, the plaintiff alleged that while walking on Bank Street in Waterbury in front of the premises owned by the defendant, a large electric light globe fell from the top of a standard on which it was supported, striking her upon the head and injuring her. She alleged that the apparatus was under the complete control of and owned by the

defendant; and that it was negligent in failing to securely fasten the globe or in allowing the fastening to become defective or out of repair whereby it became loose or fell away from the standard. At the trial to the jury, she claimed to have proved from her evidence that the electric light standard in front of the store, owned and maintained by the defendant, was about fourteen feet in height, on top of which was a large globe of glass fifteen inches high, weighing seven or eight pounds, and beneath it four smaller ones supported by brackets; that as she was walking upon the street, the large globe fell from the top and struck her; that it was caused to fall by some defective condition not disclosed coupled with a moderate gust of wind; and that the entire apparatus was under the complete charge of the defendant. The defendant offered no witnesses as to the cause of the accident but claimed to have developed on cross-examination of the plaintiff's witnesses that the standard was located on the curb of the sidewalk; that the globe on top sets into a frame with four screws to tighten it, and when an automobile backs up and shakes the standard it leaves the socket where it is and throws the top off; that on various occasions automobiles had backed against the standard; that on the day of the accident it was extremely windy; that after the globe fell, the screws which had been holding it on the standard were still on the socket tightened thereto; that when the globe was placed upon the standard each screw was tightly fastened and after the globe fell off the bottom part of the glass was still in the socket, and it was not the giving away of the screws or the manner in which the globe was installed that caused it to fall.

In this situation, as to the claims of the parties the court instructed the jury with reference to the doctrine of *res ipsa loquitur*. After stating that the doc-

trine was applicable only where the conditions, as set forth in *Stebel* v. *Connecticut Co.*, 90 Conn. 24, 26, 96 Atl. 171, existed, which were enumerated as stated in that case, the court went on to say: "So that in this case I charge you that the plaintiff has established a prima facie case against the defendant, if she has shown that she was injured by the falling of the electric light globe without fault of hers, on her part. In such a case there is a presumption or inference that the accident was caused by the negligence of the defendant, and the duty is upon the defendant then to show that the accident did not happen through the defendant's negligence. . . . So, as I have said, if you are satisfied that the plaintiff was injured in the manner she claims, and any evidence you have heard is not sufficiently strong to rebut the presumption that the defendant was negligent under the doctrine of *res ipsa loquitur*, your verdict should be for the plaintiff."

The appellant assigns error in this instruction as inadequately stating the doctrine in view of the claims of the parties, and especially as relating to the burden of proof. In *Ruerat* v. *Stevens*, 113 Conn. 333, 337, 155 Atl. 219, we stated: "The doctrine is ordinarily relied upon in cases of accidents resulting from defective machines, vehicles or apparatus, where the evidence as to the true cause of the accident is accessible to the defendant but not to the plaintiff. It does not change the burden of proof, but its application satisfies the plaintiff's duty of producing evidence sufficient to go to the jury. The distinctive function of the rule is to permit an inference of negligence from proof of the injury and the physical agency inflicting it, without proof of facts pointing to the responsible human cause. If the proof includes facts tending to show negligence, the doctrine becomes simply a specific

application of the general principle that negligence can be proven by circumstantial evidence."

If, upon the evidence, reasonable men might disagree as to whether or not the conditions upon which the application of the doctrine depends were present in the case, it must be submitted to the jury. If the jury finds that those conditions do exist, and no further relevant facts are proven, they may draw from them an inference of negligence upon the part of the defendant if they deem it reasonable, but are not compelled to do so. Whether or not they find that the conditions do exist, if, upon all the evidence, they find proven a definite cause or causes of the accident, it is then for them to determine whether, in view of such cause or causes, the defendant was negligent and the doctrine has no application. If they find that the conditions do exist but no definite cause or causes of the accident are proven, it is for them to determine whether, in view of the circumstances of the accident including those involved in the application of the doctrine and all the relevant facts, it is more probable than not that the injury was due to the negligence of the defendant. The presence of the conditions necessary for the application of the doctrine does not shift the burden of proof to the defendant or even compel an inference of negligence. When the case goes to the jury, the doctrine as such has no further application, but the facts upon which that application depends remain in the case to be considered alone or with other proven facts as a basis for an inference of negligence. *Burns* v. *Reardon,* 117 Conn. 679, 168 Atl. 878; *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 641, 120 Atl. 300; *Ruerat* v. *Stevens,* 113 Conn. 333, 336, 155 Atl. 219; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 290, 58 Atl. 963; *State* v. *Smith,* 65 Conn. 283, 285, 31 Atl. 206. We think the instructions of

the court were calculated to give the jury the impression that the doctrine itself had evidential force and also that the burden of proof was thereby imposed upon the defendant. For both reasons, the instructions were erroneous.

The writ in this case was directed against "J. Johnson & Sons, Incorporated, a corporation duly organized under the laws of the State of Connecticut, and having an office and principal place of business in the City of Waterbury." The complaint alleged that the defendant owned the electric light standard and globe and maintained them to light the highway in front of its premises, that it had complete control of them, and that the injury was due to its negligence. An appearance was entered for the defendant and an answer filed which admitted the allegation as to the ownership and maintenance by the defendant of the light standards and globes in front of its property. After the case had gone to trial and the verdict had been rendered but before judgment was entered, the plaintiff moved to amend the writ by striking out the words quoted and substituting therefor the following: "Joseph C. Johnson, New Haven, Connecticut, and Joseph C. Johnson as executor of the estate of Albert J. Johnson, formerly of said town of New Haven, they having been co-partners in trade with an office and place of business at [the premises in question], doing business as J. Johnson & Sons, up to September, 1932, when the said Albert J. Johnson died and Joseph C. Johnson was appointed executor of his estate and has qualified as such." The next day the attorneys who had appeared for the defendant filed a written representation to the court to the effect that there was no such corporation as J. Johnson & Sons, Incorporated, and they prayed that judgment be arrested. Later, the plaintiff again moved to amend

the writ by substituting for the words quoted from it as it originally stood, the following: "Joseph C. Johnson, of New Haven, Connecticut, and Albert J. Johnson, of New Haven, Connecticut, the said Joseph C. Johnson and Albert J. Johnson being co-partners in trade doing business under the name of J. Johnson & Sons" at the premises in question. The trial court denied the motion of counsel praying that the judgment be arrested and granted both motions to amend. Thereafter, judgment was entered against Joseph C. Johnson individually and Joseph C. Johnson as executor of the estate of Albert J. Johnson.

It is obvious from the complaint that the plaintiff intended to bring her action against the owners of the premises in front of which the light standard stood and who were maintaining and controlling it. This the counsel who filed the answer for the defendant must have understood and they could not escape the imputation of knowledge that the premises were occupied, not by a corporation known as J. Johnson & Sons, Incorporated, but by a copartnership doing business under the name of J. Johnson & Sons. Nevertheless they proceeded with the action, conducted the trial, and raised no objection to the misnomer of parties until after the verdict was rendered. It is found by the trial court that counsel for the defendant actually represented an insurance company under whose policy the partners were indemnified against loss by reason of negligence in the maintenance of the premises. Had the plaintiff seen fit to bring its action against the partnership, it might have sued them under the partnership name, "J. Johnson & Sons," without inserting the names of the partners. General Statutes, § 5526. An amendment to the writ which struck out the word "Incorporated" and the description of the corporation would have accomplished the same result as the

amendment offered. Under the circumstances, the situation is one where the parties who should have been sued really appeared and defended, although ostensibly another party was named, and the trial court committed no error in permitting an amendment naming the real parties. *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 642, 136 Atl. 681; *Boehmke* v. *Northern Ohio Traction Co.*, 88 Ohio St. 156, 163, 102 N. E. 700.

The mere granting by the trial court of a proper motion to amend was not, however, effectual to justify the judgment which was entered. In the first place, no amendment of the writ was filed and the granting of a motion to amend does not in itself constitute an amendment. In the second place, if we assume the truth of the allegations of the first motion to amend, that Albert J. Johnson died in September, 1932, which was after the action was brought, his executor should have been made a party by writ of *scire facias*. General Statutes, § 6030; *Craig* v. *Wagner,* 88 Conn. 100, 103, 89 Atl. 916. Before further proceedings are had in the case, the plaintiff should file an amendment to the writ making the necessary change in the designation of the parties defendant. As this amendment would relate back to the beginning of the action, the defendants should be described as Joseph C. Johnson and Albert J. Johnson doing business as copartners under the name of J. Johnson & Sons. The plaintiff may then, if in fact Albert J. Johnson died after the action was brought, make the executor of his estate a party by writ of *scire facias*.

There is error and a new trial is ordered.

In this opinion the other judges concurred.