ELIZABETH M. RYAN *vs.* THE GEORGE L. LILLEY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1935—decided January 8th, 1936.

*Clayton L. Klein* and *John F. McLinden,* for the appellant (plaintiff).

*Walter E. Monagan,* with whom, on the brief, was *Terence C. Carmody,* for the appellee (defendant).

BANKS, J.   The defendant is the owner of a building on West Main Street, Waterbury, which stands immediately adjacent to the sidewalk, the first floor of which is occupied by stores and the second by offices. There extends along the face of the building over the first story and about fourteen feet above the sidewalk a wooden cornice covered with metal which projects beyond the face of the building about one foot, as claimed by the plaintiff, and seven or eight inches, as claimed by the defendant, and which has a pitch downward from the wall of the building of one inch, as claimed by the plaintiff, and of one-half an inch, as claimed by the defendant.   The plaintiff offered evidence to prove and claimed to have proved that the cornice was so constructed as to be dangerous to persons using the sidewalk because of the likelihood of snow and ice accumulating on it and falling off, that this condition had existed since the building was built many years ago, and was at all times known to the defendant, and that on December 13th, 1932, while the plaintiff was standing on the sidewalk in front of the building, a large icicle fell from the cornice striking her upon the head and inflicting serious injuries; also that the defendant employed a superintendent who knew that snow fell on the cornice and instructed his men to keep it clear, and that the defendant knew or should have known of the accumulation of snow or ice upon the cornice and the likelihood of its falling.

The defendant offered evidence to prove and claimed to have proved that the cornice was constructed in accordance with approved building practice, and was so constructed that no snow or ice could accumulate upon it in sufficient quantity to injure anyone, that the cor-

nice was examined after every storm and was inspected on December 13th both before and after the plaintiff was injured, and no snow or ice was then upon it, and that the inspection was a reasonably careful one and would have disclosed the presence of snow or ice if it had existed before the plaintiff was injured.

The plaintiff assigns error in the charge of the court, and its failure to charge as requested, and in a single ruling on evidence. The single claim underlying all of the plaintiff's exceptions to the charge of the court and its refusal to charge as requested is that the court erred in not instructing the jury upon the doctrine of res ipsa loquitur. The short answer to that claim is that the plaintiff did not request the court to so instruct the jury. The plaintiff did not invoke this doctrine in her requests to charge either in express terms or in any request which indicated her reliance upon it, and her desire that its application be explained to the jury. The court was not bound to charge as to the doctrine in the absence of such request. *Schiesel* v. *Poli Realty Co.*, 108 Conn. 115, 123, 142 Atl. 812.

That aside, the claim of the plaintiff that it was the duty of the court, upon the case as presented, to charge the jury that proof which called the doctrine into action raised a presumption of negligence, involves a misconception both of the principle upon which the doctrine is founded and its application. "The doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred." *Stebel* v. *Connecticut Co.*, 90 Conn. 24, 26, 96 Atl. 171. In cases where common experience has demonstrated that no

injury would ordinarily result from a situation, condition or apparatus unless from a careless construction, inspection or user, which are all in the control of the party charged with neglect, no voluntary action of the party injured being involved, common sense permits an inference of negligence from proof of the injury and the physical agency inflicting it without requiring proof of facts pointing to the responsible human cause. The result is simply that such proof satisfies the plaintiff's duty of producing evidence sufficient to go to the jury, and permits the trier, whether court or jury, to draw an inference of negligence without proof of further facts tending to show negligence. *Ruerat* v. *Stevens,* 113 Conn. 333, 337, 155 Atl. 219.

The doctrine has no evidential force, it does not shift the burden of proof and does not give rise to a presumption. *Ruerat* v. *Stevens,* supra; *O'Dea* v. *Amodeo,* 118 Conn. 58, 62, 170 Atl. 486; *Gorfain* v. *Gorfain,* 118 Conn. 484, 486, 172 Atl. 924; *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 Atl. 606. The doctrine having taken the case past a nonsuit, if the jury find the conditions upon which its application depends to be present, and no further relevant facts are proven, they may draw from them an inference of negligence if they deem it reasonable, but are not compelled to do so. If other relevant facts are proven, those facts are to be considered along with those which furnish the basis for the application of the doctrine, and the issue of negligence is then to be determined upon the whole case as so made. *Motiejaitis* v. *Johnson,* supra, p. 635, The doctrine becomes but a specific application of the general principle that negligence can be proved by circumstantial evidence. *Ruerat* v. *Stevens,* supra, p. 337. In no case need specific reference to it by name be made in the charge of the court. *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 120 Atl. 300; *Schiesel*

v. *Poli Realty Co.,* supra; *Jump* v. *Ensign-Bickford Co.,* 117 Conn. 110, 120, 167 Atl. 90. But the trial court should, in a proper case, if requested, explain to the jury its right, but not its duty, to draw the inference of negligence from the happening of the accident without requiring proof of other facts pointing to the responsible human cause.

We said in the *Motiejaitis* case, p. 635: "When the case goes to the jury, the doctrine as such has no further application, but the facts upon which that application depends remain in the case to be considered alone or with other proven facts as a basis for an inference of negligence." This may be somewhat misleading. If no other facts relevant to the issue of the defendant's negligence are found proven, the doctrine does still apply to the extent that the jury may infer negligence without proof of such other facts.

It appears from the finding that the plaintiff did not stop with proof that she was injured by an icicle falling from a building in the control of the defendant, but offered evidence to prove an inadequate inspection of the building by the defendant and notice to it of the existence of a dangerous condition, while the defendant offered countervailing evidence of reasonably careful inspection, and that such inspection disclosed no snow or ice upon the cornice upon the day that plaintiff was injured. Upon this state of the proof, there was no occasion or necessity to explain to the jury the application of the doctrine of res ipsa loquitur.

In so far as the requests to charge contained instructions which it was the duty of the court to include in its charge, they were substantially complied with in the charge as given. The plaintiff does not point out any claimed errors in the portions of the charge which are assigned as error aside from the claim that the court erred in treating the case as an every-day case

of negligence, and in failing to instruct the jury as to the application of the doctrine of res ipsa loquitur.

A witness produced by the plaintiff was asked upon redirect examination what the difference was between the cornice on the Lilley building and "the cornice that existed according to Mr. Howe and Gagnon," and an objection to the question was sustained. It does not appear what other cornice is referred to, and the statement of the ruling in the finding does not furnish information as to the character of the ruling sufficient to enable us to pass upon it intelligently. If, as we gather from the briefs of counsel, the attempt was to show a repair or change in the construction of the cornice of the Lilley building since the accident, the evidence was inadmissible for that purpose. 1 Wigmore, Evidence (2d Ed.) § 283. If, as suggested in plaintiff's brief, it was offered to show that the defendant had complete control of the building, its exclusion could not have harmed the plaintiff since the defendant's ownership of the building was admitted in the answer, and its control was apparently undisputed.

There is no error.

In this opinion the other judges concurred.