## ALICE FALLO *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

·Argued May 11th—decided June 2d, 1937.

*Edwin H. Hall*, with whom was *James W. Grady*, and, on the brief, *Edward R. Brumley*, for the appellant (defendant).

*Sheldon B. Smith*, with whom, on the brief, was *Robert B. Devine*, for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, a child two years of age, brought this action to recover damages for injuries resulting from being struck in the head by a bolt of iron which she claimed was a part of the equipment of a passenger train of the defendant, and which, the cotter pin designed to hold it in place having broken or fallen out, was displaced and hurled through the air by the speed of the train as it passed the automobile in which she was riding.   The jury might reasonably have found the following facts:   The plaintiff was riding on the rear seat of the automobile which was being operated by her father.   It was going up an incline to a bridge over the track of the defendant.   At the place of the accident the highway and the track were parallel and close to each other, the highway being some eight or ten feet above the track. A passenger train of the defendant was passing, going at a speed of fifty miles or more per hour.   The bolt

struck the window of the automobile, shattering it, and, passing through, struck the head of the child. The bolt was of a type commonly used to secure a portion of the braking equipment upon passenger coaches such as formed a part of the passing train, and a portion of it indicated recent use because the metal was shiny. Each of these bolts is secured in place by a cotter pin passing through a hole in one end, but the pins at times become so worn or broken that the bolt can fall out. It is a part of the duty of employees of the defendant to inspect the braking equipment and to replace any of the bolts or cotter pins which have fallen out or become too damaged or worn for safe use. The bolt weighed a little over one pound and six ounces. There was no traffic upon the highway at the time of the accident, and the father of the child shortly after it occurred looked about and saw no one.

The plaintiff offered no direct testimony as to the cause of the bolt flying through the air, and a recovery would necessarily depend upon the application of the doctrine of res ipsa loquitur. The defendant concedes that the jury could reasonably have found the existence of the first and third of the conditions which we have stated to be necessary for the application of that doctrine, that is, that no injury would ordinarily have resulted from the use of the bolt unless there was negligent construction, inspection or user, and that the injury resulted irrespective of any voluntary action on the part of the child. *Briganti* v. *Connecticut Co.*, 119 Conn. 316, 175 Atl. 679. It contends that it would not be reasonable to conclude that the second condition for the application of the doctrine existed, that is, that the user at the time of the injury was in the control of the defendant. The ground of that contention is that the jury could not reasonably

have found that the bolt was hurled by the passing train. The defendant does not claim that this could not have happened but says that there were other inferences as to the cause of the bolt flying through the air which might as reasonably have been drawn as that it was hurled from the train, and that, consequently, the plaintiff did not sustain her burden of proof to show by a fair preponderance of evidence that the accident was caused in that way. It suggests as reasonable explanations of the accident that the bolt might have been thrown by someone either beside the track or on the train, who was out of the sight of the occupants of the automobile at the time of the accident and at the time when the father of the child looked after it occurred, or that the bolt might have been placed on the track by someone before the train passed and so did not come from the train.

As between the explanation of the accident claimed by the plaintiff and those suggested by the defendant, we cannot say that the jury could not reasonably conclude that the former was the more probable. Certainly it is highly improbable that anyone would throw a bolt such as the one which struck the child from the top of the passenger train, and the jury might have regarded it as approaching the impossible that anyone in the train should do so. They might reasonably have concluded that it was highly improbable that anyone not on the train would throw so heavy a bolt through the air in the direction of the passing automobile for no apparent reason and then escape detection by the father when he looked; and they might well have doubted whether the passing of the train would have hurled the bolt through the air had it been merely lying upon the track. We cannot hold that the situation was one where there were several inferences as to the cause of the accident of equal proba-

bility, and that the jury could not reasonably exclude all causes of the accident except that the bolt was hurled by the passing train. There was no error in the refusal of the trial court to set the verdict aside as against the evidence.

If the jury found that the conditions requisite for the application of the doctrine existed, then, as the trial court informed them in its charge, there would be no presumption of negligence on the part of the defendant nor would they be compelled to conclude that it was negligent. *Ryan* v. *Lilley Co.*, 121 Conn. 26, 30, 183 Atl. 2; *Motiejaitis* v. *Johnson*, 117 Conn. 631, 635, 169 Atl. 606. It would be for the jury to determine whether they could reasonably infer from the facts that the defendant was negligent. There was no claim that the use of the bolt in connection with the braking equipment was not proper, and the defendant's negligence, if it existed, consisted of operating a train when it knew or should have known that there was danger that the bolt would fly out. This in turn would largely depend upon adequate and proper inspection of the braking equipment and proper repairs of any defect that was discovered in it. The defendant offered evidence that three trains, one of which was that which was passing the automobile at the time of the accident, had been inspected before it occurred and that no bolts such as that which caused the injury were missing or defective. The situation was one, therefore, where, if the doctrine was applicable, the jury, in drawing the ultimate inference of the defendant's negligence, must consider the immediate circumstances of the accident, with the inferences to be drawn from them, in connection with the testimony as to the inspections which it found had been made.

We have stated that if the jury finds the conditions

which make the doctrine applicable to be present and do not find a specific cause or causes of the accident, "it is for them to determine whether, in view of the circumstances of the accident, including those involved in the application of the doctrine and all the relevant facts, it is more probable than not that the injury was due to the negligence of the defendant." *Motiejaitis* v. *Johnson,* supra, 635. "The doctrine having taken the case past the nonsuit, if the jury finds the conditions upon which its application depends to be present, and no further relevant facts are proven, they may draw from them an inference of negligence if they deem it reasonable, but are not compelled to do so. If other relevant facts are proven, those facts are to be considered along with those which furnish the basis of the doctrine, and the issue of negligence is then to be determined upon the whole case as so made." *Ryan* v. *Lilley Co.,* supra, 30. The plaintiff would sustain the burden of proof resting upon her only if, upon the whole case, the jury reasonably reached the conclusion that the defendant was negligent.

The trial court, rather early in its charge, said this of the doctrine: "When these three conditions are present the defendant has the burden of explaining the cause of the accident, and, in the event he fails to offer one, or in the event that he offers one which, as reasonable men, cannot reasonably be accepted by you, then you have the right to infer that the defendant was negligent." The trial court was in error, as appears from what we have said above, in placing the burden of proof upon the defendant to explain the cause of the accident. We have searched the charge to see if later this instruction was qualified or changed in any way. On the contrary, in the very last paragraph dealing with liability, the trial court, in summarizing the case, stated that unless the bolt fell out

of the braking mechanism of the train the doctrine would not apply; it then charged that, if it did, "you would be entitled to infer that the defendant railroad company was negligent, if you so desire, but you are not bound to infer negligence. If the railroad company has established to your satisfaction by way of explaining how this occurred that it did give an inspection that was a reasonable inspection, your verdict must be for the defendant, even if the bolt fell out of the railroad train and was flicked up through this window and injured this little lady." The court should not have thus in effect instructed the jury to consider separately the two elements of the situation, the inferences to be drawn from the circumstances of the accident and the evidence of the defendant as to the inspection of the car, and it should not have placed upon the defendant the burden of satisfying the jury that the defendant reasonably inspected the car in such a way as, in effect, to make it a special defense to the action. We must therefore conclude that the trial court committed error in the charge.

In the introductory statement of the charge, which is assigned as error, the trial court undoubtedly meant no more than to give expression to the sympathy which it and the jury could not but feel for the plaintiff, that it might go on, as it did, to emphasize to the jury that, despite that sympathy, they must decide the case upon the facts proven and applicable principles of law. Such a charge would not have been erroneous and might well have been wise. The trial court was, however, unfortunate in its manner of expression, when it began by saying: "If you are all like I am, you want to see the plaintiff win this case. I do." As there is other error in the charge, we have no need to consider whether this statement would, of itself, require a new trial.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.