## FRANCES PETRIZZO
### vs.
## THE CONNECTICUT COMPANY

| Superior Court | Hartford County | File #55265 |
|---|---|---|

Present: Hon. JOHN A. CORNELL, Judge.

Edward S. Pomerantz, Attorney for the Plaintiff.

Day, Berry & Howard, Attorneys for the Defendant.

**MEMORANDUM FILED JUNE 12, 1937.**

CORNELL, J. Plaintiff alleges that the injuries for which she claims the right to recover were sustained while she was a passenger on one of the defendant's trolley cars when a fire broke out in the latter.

In the instant motion she maintains "that it is necessary for

her to inspect and examine said trolley car now in possession and control of defendant, in order to ascertain all the facts pertaining to the cause of the outbreak of said fire" and, therefore, "moves for permission to inspect and examine said trolley car".

The motion is palpably not one for disclosure under **Gen. Stat. Cum. Supp., 1935, §1659c; Practice Book, §§72-78,** since these relate only to the "inspections of papers, books or documents . . . within the knowledge, possession or power of the adverse party". To be well grounded, therefore, it must invoke some inherent power of the court.

Counsel cites no authority in support of his contention that the court possesses the power to order the defendant to permit the plaintiff to examine the trolley car in question for the purpose stated in the motion. The court's own research has revealed none in this country.

In any event, in the instant case the motion should be refused since it appears that since the accident the trolley car has been repaired and so is no longer in the condition it was at the time the fire occurred.

Quaere, whether such inspection is necessary on any theory. See **Ryan vs. Lilley Company, 121 Conn. 26, 31.**

Motion denied.