By writ, summons and complaint dated April 20, 1937, and returned to this court on the first Tuesday of May, 1937 (amendment to complaint being filed on June 15, 1937), plaintiff seeks to recover damages of defendant for the alleged destruction of a set of golf clubs and golf bag owned by him.
It appears that on Sunday morning, May 31, 1936, at about 9 o'clock, plaintiff drove his car to the premises of the Hubbard Heights Golf Club in Stamford for a game of golf. Plaintiff parked his car in a parking area provided by the club. This area is located west of the Caddy House and north of the Club House. The parking lane in which plaintiff parked his car was in the westerly part of the parking area in close proximity to the highway. The car, when so parked, was headed west. *Page 98 
At about 12:10 p.m. plaintiff completed an 18 hole game of golf (the 18th green is located slightly to the northeast of the parking area) and his caddy brought his golf bag containing his clubs over to his aforesaid parked car and stood the bag up on the ground leaning against the rear bumper of the car. A few minutes later defendant's car, without operator or occupant therein, rolled some 45 feet from the east, in a westerly direction, into the rear of plaintiff's car. Result: plaintiff's golf clubs were seriously damaged.
In addition to matters contained in the foregoing, the court expressly finds: (1) That defendant had parked his car in the parking area sometime around 11 a.m.; (2) that the car when parked occupied a position in a parking lane east of the lane in which plaintiff's car was parked, and in a direct line with it; (3) that the parking lanes extended in a northerly and southerly direction; (4) that at the time defendant parked his car, headed west, two lanes of parked cars were between defendant's lane and plaintiff's lane; (5) that the terrain of the parking area sloped somewhat westerly, resulting in defendant's car occupying higher ground than plaintiff's car; (6) that at 12 o'clock noon many of the operators of the parked cars commenced to go home for Sunday dinner; (7) that at the time of the impact aforesaid (about 12:15 p.m.) the two lanes of parked cars on a direct line between plaintiff's and defendant's respective cars had dispersed.
Plaintiff's theory of liability is set out in paragraph 3 of his complaint, as follows: "Said damage to the plaintiff's property was caused by the carelessness and negligence of the defendant in that he had parked his automobile in the rear of the plaintiff's automobile, and carelessly and negligently failed to apply the brake to his car, so that said automobile of the defendant rolled downgrade into and against the rear of the plaintiff's automobile."
Plaintiff relies upon the doctrine of res ipsa loquitur to recover judgment. The fact that plaintiff has alleged specific negligence does not, under the Connecticut rule, preclude the application of the doctrine. Briganti vs. Connecticut Co.,119 Conn. 316, 319.
The doctrine, as such, permits but does not require, the trier to infer negligence; so also, the doctrine has "no evidential force", does not "shift the burden of proof", and does not *Page 99 
give rise to a "presumption" of negligence. Livingston vs.New Haven, 125 Conn. 123, 126, and cases therein cited.
The defendant testified that when he parked his car he put on his brake and also put his car in gear. Although an employee of the club was on the parking area for the purpose of keeping caddies away from the parked cars, and presumably other persons as well, it is conceivable that one of the caddies or some other person, undetected by this employee, released defendant's brake and put the car out of gear. Had defendant's car rolled down the incline a very short period after it was parked, the court in that event might be justified in concluding that defendant's testimony de brake and gear was not correct. However, since more than an hour elapsed between the time defendant parked his car and the occurrence in question, the court feels duty bound to credit defendant's testimony.
"If other relevant facts are proven, those facts are to be considered along with those which furnish the basis for the application of the doctrine [res ipsa loquitur], and the issue of negligence is then to be determined upon the whole case as so made." Ryan vs. Lilley Co., 121 Conn. 26, 30, citingMotiejaitis vs. Johnson, 117 id. 631, 635.
Further discussion is deemed unnecessary. The issues are found for the defendant.
 Accordingly, judgment necessarily will enter for the defendant.