MARIE BLEIWISE v. THE PENNSYLVANIA RAILROAD
COMPANY.

Submitted December 1, 1910—Decided March 8, 1911.

Where the proof showed a window of a passenger train had been
inspected at ten o'clock in the morning, and that at four-thirty
o'clock in the afternoon it fell, injuring the plaintiff's hand, and
the sole ground of liability was the want of proper inspection,
it was reversible error to refuse to charge that if the defendant
inspected the window device the day of the accident in the only
way practical, and it was then in order as far as could be dis-
covered, the defendant was not liable, in the absence of any-
thing to give notice of the defect to the defendant's employes.

On error to Union Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the plaintiff, *William C. Gebhardt.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff was injured by the falling of a
window upon her hand while she was riding upon a train of
defendant.  The window was operated by a lever fastening
at its base, which, being pressed together, caused the window,
known as a Hayward self-acting window, to rise.  The window
was admittedly out of order, but when it became out of order,
or in what manner the trouble with it was caused, does not
appear in the case.

The sole ground of liability insisted upon by plaintiff is
the want of proper inspection.  The defendant met this claim
by showing that the car had been inspected about ten o'clock
on the morning of the accident, and that the accident oc-
curred about four-thirty o'clock in the same afternoon.

We find reversible error in the refusal of the trial court to
charge the defendant's third request, viz.:

"That if the defendant inspected the window device the day of the accident in the only way practical, and the window device was then in order so far as could be discovered, the defendant is not liable in the absence of anything to give notice of the defect to the employes of the company."

The right of the plaintiff to recover in actions of this nature must be predicated on some act of tort-feasance by way of omission or commission upon the part of the defendant. It is not shown that the inspection was negligent, or that the business required a more frequent inspection, and that fact is not fixed as the test or standard of due care.

It is not claimed, nor can it be rationally insisted, that this accident falls within the category of *res ipsa loquitur*. But the insistment in the final analysis results in the conclusion upon which alone the claim of negligence is based, that while defendant used some care in the inspection of its car, it did not use sufficient care to that end. This contention violates the rule that the standard of care must be that attributable to the prudent man. The law considers what would be reckless, blameworthy or negligent in the man of ordinary intelligence and prudence and determines liability by that. *Com.* v. *Pearce*, 138 *Mass.* 176. Baron Alderson once expressed the test in words often quoted: "Negligence is the omission to do something which a reasonable man guided upon those considerations which ordinarily regulate the conduct of human affairs would do; or doing something which a prudent and reasonable man would not do." *Blyth* v. *Birmingham Waterworks Co.*, 11 *Exch.* 781.

In the light of this fundamental doctrine, it must appear from some facts in the case upon which negligence can be predicated, that the legal rule requiring the exercise of due care was violated. And hence it has been uniformly held that it is for the court to say whether negligence upon the facts can be legitimately inferred, and it is for the jury to say whether it ought to be inferred.

In the case at bar, the defendant having inspected the device in the morning and found it in working order, and nothing having happened in the meantime which could be

charged as notice to the defendant that the device was out of ' order, manifestly there is an absence of the. essential factor constituting negligence, viz., the omission to do something which a reasonable man would do under the circumstances.    To hold otherwise, under circumstances such as these, ·would be equivalent to leaving it to a jury in each case to fix· according to various minds and temperaments a standard of inspection; and such a policy would, in its practical results, serve to · illustrate the truth of the remark of Chief Justice Tindal, that liability for negligence would be only co-extensive with the judgment of· the individual, and would be as variable as the foot of each indiviual.    *Vaughan* v. *Menlove,* 3 *Bing. N. C.* 468.

We think, therefore, that the request in question contained the essential factors upon which the defendant's liability in this case could be predicated, and that the refusal to charge it was error.

The judgment will be reversed and a *venire· de novo* awarded.