## JOSEPH M. RUSSELL, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted January 28, 1927—Decided November 23, 1927.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Joseph Coult* (*Henry H. Fryling,* of counsel):

For the respondent, *Arthur Elkins* (*Alexander Simpson,* of counsel).

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of the Second District Court of Jersey City, in favor of the respondent against the appellant, for $150 damages for injuries sustained by the former while riding as a passenger on a trolley car of the appellant company.

The case was tried before the court, sitting without a jury.

The facts are briefly these: The respondent was a pas-

senger on appellant company's trolley car. His seat was next to an open window. The day was cold and there was a draft upon him, and as he pushed the window down to shut off the draft, the glass fell out and cut his hand. The window was opened about two and a half or three inches. He noticed that the glass was cracked before he shut the window down.

The two grounds of appeal stated and relied on for reversal are: 1. "There was no evidence from which the court could find negligence on part of the defendant-appellant to justify the verdict rendered in favor of the plaintiff-appellee. 2. The evidence at the trial showed affirmatively that the plaintiff-appellee was guilty of negligence, which contributed to the happening of the alleged accident."

We think the fact that the glass fell out of the window frame while the respondent was shutting the window was *prima facie* evidence that the window was in an unsafe and improper condition. The falling of the pane of glass or at least some portion of it, out of the frame of the window, during the act of its being shut down, was such an unusual circumstance attendant upon closing a window that it bespoke either a defective condition in the window itself or a failure on part of the appellant-company's servant to properly perform the duty of inspection. There was testimony that there was a crack in the window pane before it was shut down.

In *Hughes* v. *Atlantic City and Shore Railroad Co.*, 85 *N. J. L.* 212, Mr. Justice Swayze, speaking for the Court of Errors and Appeals, in a very lucid manner (at *p.* 214), discusses the maxim *res ipsa loquitur* and the province of the trial judge in dealing with it says: "He is called on in the first instance to say whether there is any evidence of negligence to go to the jury; in the absence of direct evidence, he may, in cases where the maxim applies, hold that the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence; but that inference is still one for the jury and not for the court. They may not believe the witness; the circumstances may be such that the jury will attribute the injury to some cause with which the

defendant has nothing to do; they may find the inference of negligence too weak to persuade their mind; they may think a reasonably prudent man would have been unable to take precaution to avoid the injury, and in any event, they may render a verdict for the defendant. This is within their province when there is no explanation by the defendant. When there is such explanation, it is for the jury to decide just as in the ordinary case of whatever kind, what the actual facts are, and what inference should be drawn therefrom."

The learned jurist (at *p.* 215) refers to what Mr. Justice Dixon said on the topic in hand, speaking for the Court of Errors and Appeals, in *Whalen* v. *Consolidated Traction Co.,* 61 *N. J. L.* 506, and says: "The rule has been stated with great accuracy by Mr. Justice Dixon, speaking for this court, in an action by a passenger against a carrier." He says: "The rule supported by authority is that when a passenger shows that he was injured through some defect in the appliance of the carrier, or through some act or omission of the carrier's servant, which might have been prevented by due care, *then the jury have the right to infer negligence,* unless the carrier proves that due care was exercised."

Mr. Justice Swayze refers also to the case of *White* v. *Boston and Albany Railroad,* 144 *Mass.* 404, and after quoting the following from the case: "If the shade was defective and unsafe, the question whether it was in that condition through the negligence of the defendant, would be for the jury; and the fact that it broke and fell from the use for which it was intended would be evidence that it was defective and unsafe, and if not explained or controlled, *would be sufficient evidence to authorize the jury to find* that the defendant was negligent in regard to it," concludes: "This is a full recognition of the ordinary rule that inferences from the facts of the case are for the jury."

The cases dealing with the subject are collated in *Conover* v. *Delaware, Lackawanna and Western Railroad Co.,* 92 *N. J. L.* 602.

In the instant case, since the trial judge sat as judge and jury, it was in his province, therefore, to draw inferences from the facts and circumstances developed by the evidence

in the same manner as a jury in its province would, and to weigh and determine the evidence both as to its credibility and probative value as is the undoubted function of a jury.

In the case *sub judice,* the appellant adduced no proof that the window was in sound and safe condition when the car started on its trip, but on the contrary, it appeared from the testimony of all the witnesses on behalf of the appellant, with the exception of that of the motorman, and he testified he took no notice of the window, and therefore did not know whether the glass in the window was cracked or not, that the glass was cracked before the respondent attempted to shut the window.

While it is true that the testimony on behalf of appellant tended to show that the cause of the glass falling out was not due to the crack in the glass, and was solely or partly attributable to the forcible manner with which the respondent shut the window, this circumstance accomplished nothing more than to raise a factual question for the trial judge to decide, and his finding is not reviewable.

It is argued in the brief of appellant's counsel that the respondent was guilty of contributory negligence, *per se,* because having observed the cracked glass, he, as a matter of ordinary prudence, before attempting to lower the window, should have summoned the motorman to do it for him, or to have takent a seat in some other part of the car. We know of no such legal duty resting on a passenger. Furthermore, this contention borders upon an absurdity, in view of the fact that the car in which respondent was riding is known as a one-man car, in that it was solely under the care, control and management of the motorman, and therefore, in order to obtain his assistance, it would have required the respondent to take him away from his post of duty, an obviously hazardous and unnecessary undertaking, for the simple purpose of closing a window, which was an act that many of the traveling public do daily, without calling to their aid an employe of the company to do it for them.

Moreover, it was most natural for the respondent to close the window to shut off the draft immediately upon him. The burden of establishing the respondent's contributory

negligence was upon the appellant. Whether or not there was anything in the appearance of the crack in the window which would indicate to the mind of an ordinary prudent person that in shutting the window the glass would fall out, presented a factual question for the trial judge, sitting as a jury, to determine, and his finding thereon is not reviewable.

For the reasons given the judgment is affirmed, with costs.