ELBERT PALING, BY NEXT FRIEND, ET AL., APPELLEE, v. NEW YORK CENTRAL RAILROAD COMPANY, APPELLANT.

Submitted May 17, 1929—Decided June 21, 1929.

Before Justices PARKER and BODINE.

For the appellant, *George G. Tennant, Jr.*

For the appellee, *Irving Prince.*

PER CURIAM.

The plaintiff, who according to his claim, was a passenger on the defendant's railroad, boarded a train of the defendant at Weehawken on his way home at about five-thirty P. M. and took a seat with a friend. It was a hot day, and they wished to open the window. This window was double. They succeeded in opening the inner window, and according to the testimony for the plaintiff, as they were working on the outer window to open that also, the entire pane of glass of that window fell inward, and broke, cutting the plaintiff's hand.

There was no explanation in the plaintiff's case as to why the pane of glass dropped out. The case for the defendant was that the two young men were hammering on the glass and broke it in that way. This seems to have raised a question of fact for the trial judge sitting as a jury.

On the trial it was urged that there was no evidence to show that the plaintiff was a passenger; but this seems to be now abandoned.

It was further urged that there was nothing in the circumstances to indicate negligence of the defendant; and this naturally raised the question of *res ipsa loquitur*. We think that a question for the jury was raised by the occurrence of the accident, in the manner claimed by the plaintiff, and which the judge, sitting as a jury, was entitled to believe, and are content to rest this conclusion on the case of *Hughes* v. *Atlantic City Railroad Co.*, 85 *N. J. L.* 212. This case is relied on for the appellant; but the reversal of the judgment for plaintiff in that case was based upon error in the charge in which the court improperly shifted the burden of proof.

The final ground urged was and is that the evidence conclusively showed that the plaintiff was guilty of contributory negligence; and this depends entirely upon the view that the trial judge took of the facts. If, as we must assume, he found that the glass fell out because the plaintiff was trying to lift the window there was no reason why as a matter of law he should be required to find that the plaintiff was negligent in what he did.

The judgment will be affirmed.