ALBINO SCILIMBRACCA, RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *William A. Barkalow.*

For the respondent, *Arthur DeVinsentis.*

PER CURIAM.

This action was brought by a passenger against the Central Railroad Company to recover damages for injuries to plaintiff's eyes, caused by the breaking of the glass window near which he was seated in defendant's train. The plaintiff's case disclosed these facts, and a motion for nonsuit was made and denied. Later, a motion for direction of a verdict in favor of defendant was made, and this also was denied.

On judgment being rendered for the plaintiff, the defendant appeals alleging error in these rulings.

We think the rulings were right. The nonsuit was properly denied, because from the breaking of the glass the judge, sitting as a jury, might infer negligence, precisely as was held in the case of *Hughes* v. *Atlantic City Railroad,* 85 *N. J. L.* 212, where a broken electric light bulb caused like injury.

As to the denial of the direction of a verdict for defendant, this was based on proof of an alleged admission of the plaintiff that a stone had been thrown through the window, and also the testimony of a boy that he had thrown stones at trains on that night. If this proof had clearly established that the accident happened because of a stone thrown by someone for whom the railroad company was not responsible, we might be called upon to say whether such proof would remove the question as one of fact from the trial judge, sitting as a jury, and convert it into a question of law, but the evidence was not of a character to invoke a ruling on this point. There was no proof that at the time the car was passing at seven-thirty in the evening any stones were thrown at it, and the plaintiff denied having made the admission attributed to him.

The judgment is affirmed.