HAROLD PROUT v. METROPOLITAN DISTRICT COMMISSION

SUPERIOR COURT       LITCHFIELD COUNTY       FILE NO. 11759

Memorandum filed April 12, 1947.

*Benjamin Markman,* of Hartford, for the Plaintiff.

*Schaefer & Ells, of Winsted* for the Defendant.

QUINLAN, J.  Some suggestion of res ipsa loquitur has been made.  Even if invoked, "the plaintiff by pleading the particular cause of the accident in no way loses his right to rely thereon." *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 643.  Moreover, depending upon what the particular causes alleged may be. the pleading might be demurrable, if the only reliance were on grounds stemming from the res ipsa doctrine.  *Jump* v. *Ensign-Bickford Co.,* 117 Conn. 110, 121; *Briganti* v. *Connecticut Co.* 119 Conn. 316, 321.

All the more important does it seem that the motions for more specific statement of October 7, 1946, as supplemented by that of March 29, 1947, should be complied with, because the apparent theory of the case is that of "rescue," which requires the showing of a breach of duty to the plaintiff or to a third person whereby a situation is created that makes it reasonably necessary to undergo a risk.  Restatement, 4 Torts § 893; also see 38 Am. Jur. §§ 228-230.  This suggests the possible defense of assumption of risk, which may depend somewhat on what claims of negligence are made.

The motions are granted.