[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In the present motion to strike, the defendant Guardian Products, Inc. (Guardian) moves the court to strike defendant Milford Health Care Center, Inc's (MHCC) cross claim. Guardian argues that the cross claim alleges some elements of active/passive negligence, but does not allege control over the lift which failed, allegedly causing plaintiff's injury. Guardian sets forth two other grounds for striking the cross claim, thus requiring this memorandum pursuant to Practice Book § 156.
When a motion to strike attacks an entire pleading "it will fail if any part of the pleading is legally sufficient." Grier v.West Haven Police Dept., 40 Conn. Sup. 221, 222 (1984).
In passing upon the motion, a court will assume the truth of the pleading under attack, Ivey, Barnum O'Mara, 190 Conn. at 530
n. 2, and will "construe the complaint in the manner most favorable to the pleader." Blancata v. Feldspar Corp., 203 Conn. 34, 36
(1987) (footnote omitted); accord, Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). If those facts support the cause of action or defense, the motion must fail. AlarmApplications Co., 179 Conn. at 545; Todd v. Northeast Utilities,40 Conn. Sup. 159, 160 (1984). Ultimately, however the motion will be tested by the facts which can be proved under the allegations of the pleading to which the motion is addressed. Barnett v.Rosenthal, 40 Conn. Sup. 149, 151 (1984); see also King v. Board ofEduc., 195 Conn. 90, 93 (1985) (in considering trial court's ruling upon motion to strike, appellate court limited to facts alleged in complaint).
In the first ground raised, Guardian argues that the pleading in question must fail for lack of express allegation of exclusive control. The court finds that, contrary to the assertion of Guardian, the issue of control was plead sufficiently to withstand the motion to strike.
The elements of the passive/active negligence exemption to contribution and/or indemnification are as follows:
1. The party must have been negligent; CT Page 7997
 2. Said negligence was the direct and immediate cause of injury;
3. The party have exclusive control;
 4. A party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could have reasonably relied on the charged party to have acted without such negligence,
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982); Kaplanv. Merberg Wrecking Corporation, 152 Conn. 405, 416 (1965).
In the instant case, the defendant MHCC alleges in its cross claim all of the above elements when read as a whole. The court finds that the specific element of control is set forth by implication in the allegations of paragraphs 4 through 7 of the cross claim. "What is necessarily implied need not be expressly alleged." Wexler Construction Company v. Housing Authority,144 Conn. 187, 193 (1956); Trichilo v. Trichilo, 190 Conn. 774, 779
(1983). Whether or not one is in control of a situation is ordinarily a question which should be resolved by the trier of fact. Kaplan, supra.
When viewed in the light most favorable to the pleader, as required in addressing a motion to strike, the cross claim herein discloses sufficiently the required element of control. Therefore, the motion to strike on that ground is denied.
The second ground for the motion to strike is that a verdict based on res ipsa loquitur requires a finding that MHCC was in control of the lift or so Guardian argues.
The doctrine of res ipsa loquitur is not a rule of law and is not a rule of evidence. Rather, it is a theory which permits the drawing of an inference from certain proved facts. Schurgast v.Schumann, 156 Conn. 471, 480, 242 A.2d 695, 700 (1968). "Whether the doctrine applies in a given case is a question of law for the court." Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439,443, 538 A.2d 690, 693 (1988) (citations omitted).
Three conditions form the basis for the application of res ipsa loquitur: (1) the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no CT Page 7998 injury would result unless from a careless construction, inspection, or user; (2) at the time of the injury, both inspection and user must have been in the control of the party charged with neglect; and (3) the injury producing occurrence or condition must have happened irrespective of any voluntary action at the time by the injured party. Briganti v. Connecticut Co.,119 Conn. 316, 320, 175 A. 679, 680 (1934). Although proof of the defendant's control over the instrumentality is necessary, the plaintiff need not prove the defendant's exclusive control. Gilesv. City of New Haven, 228 Conn. 441, 448, 636 A.2d 1335, 1338.
The court finds that the cross claim is quite clear in its shift of focus from the lift in toto to a specific part. Control of the part or instrumentality which may have been the proximate cause of the injuries sustained is, as previously indicated, an issue to be determined by the ultimate trier of fact. Kaplan,
supra. Accordingly, the motion to strike on this ground is denied.
The final ground raised by Guardian is that passive/active negligence sounds in tort and not in contract, therefore, the plaintiff's claim for breach of contract cannot serve as a basis for MHCC's claim for indemnification. To argue that the entire pleading should be stricken because of the inapplicability of a specific theory of recovery in the complaint when other possible theories are set forth is without merit, and the motion to strike on that ground is denied.
The court notes that with regard to this motion to strike, MHCC has failed to file a memorandum of law in opposition as is required by Practice Book § 155. Indeed, MHCC has even failed to claim this motion for argument.
Conn. Practice Book § 155 provides, in pertinent part:
 Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered in the short calendar, file and serve in accordance with Section 120 a memorandum of law.
Prior to an amendment to Conn. Practice Book § 155 in 1989, a party who failed to timely file a memorandum of law in opposition to a motion to strike was deemed to have consented to the granting CT Page 7999 of the motion. See Hughes v. Bemer, 200 Conn. 400 (1986). With the deletion of this consensual provision from § 155, the failure to timely file an opposing memorandum will not necessarily be fatal. The court in appropriate cases may in its discretion address the merits of the motion. However, despite the amendment to Conn. Practice Book § 155, the filing of a memorandum in opposition to a motion to strike is mandatory, and the failure to file such may still serve as a ground for granting a motion to strike.
The court stresses the mandatory requirement of Practice Book § 155 because to read said requirement as optional defeats the very purpose of the section. This court in the instant matter has chosen to exercise its inherent powers as the interests of justice and equity require.
Comerford, J.