[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Hyman Reiser and Margo Reiser, are the owners of property located at 2 Hattertown Road, Newtown.
Their home is situated on a 2 acre lot near the intersection of Hattertown Road and Route 302.
On October 7, 1996, at approximately 8 p.m., a truck owned by the defendant, Island Transportation Company, was traveling westbound on Route 302, near its intersection with Hattertown Road.
The vehicle was a tanker truck which was transporting approximately 9100 gallons of gasoline.
The gasoline was scheduled to be delivered to Grassy Hill Mobil in Bethel.
As the tanker attempted to negotiate a sharp curve, the operator of the vehicle lost control, as the vehicle tipped onto its left side, striking a telephone pole.
The truck continued to slide along the ground before coming to rest in a parking lot, where it exploded, damaging a building and several cars in the parking lot on George's Pizza.
The driver of the tanker was killed as a result of the explosion. CT Page 5283
Thousands of gallons of gasoline spilled into the parking lot of George's Pizza, and onto the plaintiffs' property a short distance away.
According to a witness, the operator of the tanker truck was going "too fast" as he entered the curve, prior to losing control of the truck.
The posted speed limit on Route 302, near the Hattertown Road intersection, is 35 miles per hour.
The plaintiffs, Hyman and Margo Reiser, instituted this action, returnable August 4, 1998, in four counts.
Count one of the amended complaint dated December 16, 1998, alleges negligence in the operation of the tanker truck.
Count two claims that the transportation of gasoline is an ultra-hazardous activity, subjecting the defendant to strict liability for any damages.
In count three, it is claimed that the defendant has continued to trespass on the plaintiffs' property.
The fourth count claims that the spilling of gasoline constitutes negligence per se, in violation of §§ 22a-427 and 22a-403 of the Connecticut General Statutes.
The plaintiff moves for summary judgment as to counts two, three and four.
STANDARD OF REVIEW
A motion for summary judgment may be granted only when affidavits and other documentary evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Daily v. New Britain MachineCo., 200 Conn. 562, 568 (1986); Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11 (1983).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is a genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."
A material fact is defined as one which will make a difference in the result of the case. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 379 (1969). CT Page 5284
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). The burden is on the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984); Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment, if the case were tried to a jury, would be entitled to a directed verdict. United Oil Co. v. Urban Redevelopment Commission,
supra, 380.
TRANSPORTATION OF GASOLINE NOT ULTRA-HAZARDOUS AS A MATTER OF LAW
The second count of the complaint is based upon the doctrine of absolute liability or strict liability as it is sometimes called.
If the doctrine of strict or absolute liability is applicable, an injured plaintiff is not required to demonstrate that the loss resulted from the negligence or carelessness of a defendant.
It is sufficient to show that the defendant was engaged in an ultra-hazardous activity, and that loss was occasioned to the plaintiff as a result of the ultra-hazardous activity.
In Connecticut, the doctrine of strict liability has been applied sparingly and in a narrow category of cases.
Strict liability has been applied to situations involving blasting or high explosives, including damage caused by vibrations due to blasting;Whitman Hotel Corporation v. Elliott Watrous Engineering Co.,137 Conn. 562, 570 (1951); concussion resulting from the use of a pile driver; Caporale v. C.W. Blakeslee Sons, Inc., 149 Conn. 79,85 (1961); and the explosion of a factory resulting from the mixture of dangerous chemicals; Green v. Ensign-Bickford Co.,25 Conn. App. 479, 487 (1991).
In Green v. Ensign-Bickford Co., supra, 486, the court adopted the criterial of 3 Restatement (Second) Torts, in determining whether an activity is ultra-hazardous.
The Restatement § 520, lists the following factors which a court should consider when assessing whether a particular activity is ultra-hazardous: (1) the existence of a high degree of risk of some harm to the person, land or chattels of others; (2) the likelihood CT Page 5285 that the harm that results from it will be great; (3) the inability to eliminate the risk by the exercise of reasonable care; (4) the extent to which the activity is not a matter of common usage; (5) the inappropriateness of the activity to the place where it is carried on; and (6) the extent to which its value to the community is outweighed by its dangerous attributes. 3 Restatement (Second) Torts § 520.
Here, the record reflects the negligent operation of the tanker vehicle, both common law negligence and violations of statutory rules of the road.
Deliveries to gasoline retail outlets are routine daily occurrences, and risks can be eliminated or severely curtailed through the use of reasonable care in the operation of a motor vehicle.
The activity here does not involve the intentional use of explosives or dangerous blasting or concussion equipment.
Nor is the intentional mixing of dangerous chemicals involved.
Therefore, it cannot be said, that the transportation of gasoline on a public highway is ultra-hazardous, as a matter of law.
Therefore, the plaintiff's motion for summary judgment, as to count two, must be denied.
NO SHOWING THAT TRESPASS WAS INTENTIONAL
The plaintiff moves for summary judgment as to count three, claiming that they are entitled to judgment on this count as a matter of law.
The essential elements in an action for trespass are: (1) the ownership or lawful possession of land by the plaintiffs; (2) an invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. Abington Ltd. Partnership v. Talcott MountainScience Center, 43 Conn. Sup. 424, 427 (1994).
Because there is no evidence that the gasoline spill was the result of any deliberate act by the driver of the tanker truck, any invasion of the plaintiff's property was unintentional, and therefore did not constitute an intentional invasion or incursion.
The motion for summary judgment as to count three is, therefore, denied.
RES IPSA LOQUITUR NOT APPLICABLE
CT Page 5286
In count four, the plaintiffs allege that the defendant was negligent per se, and claim that summary judgment should enter based upon the doctrine of res ipsa loquitur (the thing speaks for itself).
In order for res ipsa loquitur to apply, three conditions must be satisfied: (1) the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would result without negligence; (2) the party charged with negligence must have been at all times in control of the situation; and (3) the occurrence or condition must have happened irrespective of any voluntary action at the time, by the party injured. Giles v.New Haven, 228 Conn. 441, 446 (1994); Briganti v. Connecticut Co.,119 Conn. 316, 320 (1934).
Whether the doctrine applies in a given case, is a question of law for the court. Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439,441-42 (1988).
Although res ipsa loquitur may aid the plaintiffs in the portion of their complaint alleging negligence (count one), it is not applicable to the issues raised in count four.
Sections 22a-427 and 22a-430 of the General Statutes do not support a claim of negligence per se.
Although they may serve as evidence of negligence, these statutes are part of a broad regulatory scheme and do not represent specific requirements, the violation of which constitutes negligence per se.
The motion for summary judgment as to count four is, therefore, denied.
CONCLUSION
The plaintiffs' motion for summary judgment, as to counts two, three and four, is denied.
Radcliffe, J.